IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MAINE

| | |
|---|---|
| JACOB IRONS, | § |
| | § |
| Plaintiff, | § |
| | § |
| v. | § CIVIL ACTION NO._____ |
| | § |
| THE ATLANTIC RED CRAB CO. LLC, | § |
| | § |
| Defendant. | § |

## COMPLAINT AND DEMAND FOR JURY TRIAL—IN ADMIRALTY

### Parties

1. Plaintiff Jacob Irons ("Jacob") is a resident of Providence, Providence County, Rhode Island who, at all times relevant to this Complaint, was an employee of Defendant The Atlantic Red Crab Co. LLC. Jacob was employed by the Defendant and served as a Jones Act seaman and was an assigned member of the crew aboard the *Diamond Girl* a vessel owned, operated, or controlled by the Defendant at all times relevant to this Complaint.

2. Defendant The Atlantic Red Crab Co. LLC ("Atlantic Red Crab") is a Maine corporation with its principle place of business in New Bedford, Bristol County, Massachusetts who, at all times material to this Complaint, employed Plaintiff and owned and operated the vessel *Diamond Girl*.

### Jurisdiction

3. This court has jurisdiction of this action pursuant to the Jones Act, 46 U.S.C. § 30104, as well as the general maritime law of the United States, 28 U.S.C. § 1333, for damages in excess of $15,000, exclusive of interests and costs. Venue is proper in the District of Maine

pursuant to 28 U.S.C. § 1391(b), because Defendant resides in Portland, Cumberland County, Maine.

### Factual Allegations

4. On December 14, 2019, as a result of Defendant's negligence and the unseaworthiness of its vessel, the *Diamond Girl*, Jacob suffered severe injuries and damages, including injuries to his neck, left shoulder, injury to his head resulting in frequent and severe headaches, and problems with the vision in his left eye. During the events culminating in Jacob's injuries, Jacob sustained serious physical and mental injuries while within the zone of danger.

5. At all times pertinent to this Complaint, the vessel on which Jacob was working, the *Diamond Girl*, was on navigable waters.

6. At all times pertinent to this Complaint, the vessel on which Jacob was working, the *Diamond Girl*, was owned and operated by Defendant.

7. At all times pertinent to this Complaint, Jacob was a Jones Act seaman employed by Defendant, was assigned to the Defendant's vessel, was acting in the service of Defendant's vessel, and was acting in furtherance of the mission of this vessel.

8. On or about December 14, 2019 Jacob was working as an employee of Defendant Atlantic Red Crab onboard Defendant's crabbing vessel, the *Diamond Girl*, off the coast of Maryland. While the vessel was deployed on navigable waters, and while Jacob was contributing to and aiding such vessel to accomplish its mission, Jacob sustained serious injuries. Specifically, Jacob was seriously injured when he was pulled down by a crab trap line. Jacob was working in extremely foul weather trying to haul in gear when the line came out of the block and the hauler. The block in question had been replaced on the Captain's order, and it was not adequate for the job. Jacob was trying to re-connect the line to the hauler when the line suddenly shot forward,

pulling Jacob forward and causing him to slam onto a metal table. Among other injuries, Jacob sustained injury to his head, neck, shoulder, the vision in his left eye, as well as severe emotional distress.

### COUNT I: Unseaworthiness of the Vessel

9. Plaintiff repeats, re-alleges, and incorporates the above paragraphs, as if stated herein and further alleges:

10. At all times pertinent to this Complaint, Jacob was acting within the course and scope of his employment as an offshore crabber and was working in furtherance of the mission for which Defendant's vessel, the *Diamond Girl*, was deployed on December 14, 2019.

11. As the owners and operators of the *Diamond Girl*, Defendant owed Jacob an absolute and non-delegable duty to provide a seaworthy vessel, equipment, and appurtenances including tools, equipment, and crewmembers themselves reasonably fit for their intended use. Defendant breached this duty by virtue of one or more of the following:

   a. The vessel was not properly maintained, inspected, or repaired prior to December 14, 2019, despite awareness of safety deficiencies on the vessel, thereby rendering it dangerous and unfit for its intended purpose;

   b. The vessel lacked adequate safety equipment including but not limited to the hauling block used to bring the crab traps in to the vessel, the hauler, or other supportive apparatus to ensure safe deployment and retrieval of the crab traps, thereby rendering the vessel dangerous and unfit for its intended purpose;

   c. The vessel contained an inadequate and substandard hauling block positioned to operate in the immediate proximity of workers in the process of hauling in

      the crab traps, thereby rendering the vessel dangerous and unfit for its intended purpose;

    d. Defendant failed to provide sufficient training to workers on the proper operations of the hauling block, hauler, and/or safe deployment and retrieval of the crab traps, thereby rendering the vessel dangerous and unfit for its intended purpose;

    e. Defendant failed to create or enforce sound operations and management practices necessary to provide its crew with a safe place to work, thereby rendering the vessel dangerous and unfit for its intended purpose.

12. The unseaworthiness of the vessel was within the privity and knowledge of Defendant.

13. Jacob was injured as a direct and proximate result of the vessel's unseaworthiness. Defendant is therefore liable for all damages allowed under the general maritime law of the United States, 28 U.S.C. § 1333, including but not limited to compensatory damages, pecuniary damages, loss of support, past and future earnings, loss of services, loss of nurture and guidance of dependent children and family, pain and suffering, and all other damages recoverable by law.

14. Plaintiff has been damaged in a sum far in excess of the minimum jurisdictional limits of this Honorable Court.

15. Plaintiff demands a trial by jury on all issues so triable.

WHEREFORE, Plaintiff demands judgment herein in favor of Plaintiff, and against Defendant, both jointly and severally, for all damages as are warranted and interest accrued on such damages since December 14, 2019, and for all costs of these proceedings.

## COUNT II: Negligence of the Defendant

16. Plaintiff repeats, re-alleges, and incorporates the above paragraphs, as if stated herein and further alleges:

17. This is an action for negligence under the Jones Act, 46 U.S.C. § 30104 and/or general maritime law.

18. Defendant owed Jacob an absolute duty to act reasonably in the operation and maintenance of the vessel and its appurtenances and to provide a safe working environment. Defendant breached its duties and is negligent, negligent per se, grossly negligent, and/or reckless for reasons including but not limited to the following:

   a. Failing to provide Jacob and his co-workers with a safe place to work that contained proper and adequately safe machinery, crew, and equipment;

   b. Failing to promulgate and enforce reasonable rules and regulations necessary to ensure the safety and well-being of Jacob and his co-workers;

   c. Failing to reasonably inspect, maintain and/or repair the vessel and its equipment;

   d. Failing to properly hire their employees, agents, and/or contractors;

   e. Failing to properly train and/or supervise their employees, agents, and/or contractors;

   f. Failing to exercise due care and caution;

   g. Failing to provide adequate safety equipment;

   h. Placing concerns about money and profits of the business ahead of the safety of the crew and vessel.

19. Defendant is vicariously liable for its employees' and/or agents' acts and/or omissions.

20. The negligent acts causing the loss occurred within the privity and knowledge of Defendant.

21. As a direct and proximate result of Defendant's breach, Jacob was injured. Defendant is therefore liable for all damages recoverable under the Jones Act 46 U.S.C. § 30104 and/or general maritime law, including but not limited to loss of support, past and future earnings, loss of services, physical and mental pain and suffering, punitive damages, and all other damages allowable by law and any other relief deemed proper by this Honorable Court. Plaintiff has been damaged in a sum far in excess of the minimum jurisdictional limits of this Honorable Court.

22. Plaintiff demands a trial by jury for all issues so triable.

WHEREFORE, Plaintiff demands judgment herein in favor of Plaintiff, and against Defendant, both jointly and severally, for all damages as are warranted, and interest accrued on such damages since December 14, 2019, and for all costs of these proceedings.

## COUNT III: Maintenance and Cure

23. Plaintiff repeats, re-alleges, and incorporates the above paragraphs, as if stated herein and further alleges:

24. As a result of the above-described injuries suffered by Plaintiff, he is entitled to maintenance at a reasonable daily rate, and cure until he reaches the point of maximum medical improvement.

25. Defendants willfully and wantonly disregarded their obligation to pay Plaintiff maintenance or cure, and they have tendered no such funds to him.

WHEREFORE, Plaintiff demands judgment against Defendant, both jointly and severally, in a fair and reasonable amount to pay maintenance and cure owing at the time of trial, together with interests and costs.

### COUNT IV: Punitive Damages

26. Plaintiff repeats, re-alleges, and incorporates the above paragraphs, as if stated herein and further alleges:

27. Plaintiff is entitled to punitive damages for his claims under general maritime law because Defendant willfully and wantonly disregarded its obligation to pay maintenance and cure, and because Defendant's conduct was grossly negligent, reckless, willful, wanton, arbitrary, and/or capricious. Defendant was subjectively aware of the extreme danger posed to Plaintiff and fellow crew members by its conduct. Despite actual knowledge of the grave risks to Plaintiff and fellow crew members passed by these actions and omissions, Defendant not only failed to rectify dangerous safety deficiencies and management practices, they knowingly and actively facilitated and condoned dangerous actions and work culture. Defendant flagrantly, maliciously, and consciously disregarded almost certain risk of harm to crew members of the Vessel.

28. All of the conduct warranting punitive damages was within the knowledge and privity of Defendant.

WHEREFORE, Plaintiff demands judgment herein in favor of Plaintiff, and against Defendant, jointly and severally, awarding punitive damages for its wrongful, willful and wanton actions described herein, together with interests and costs.

### Demand for Jury Trial

29. Plaintiff demands a trial by jury. 46 U.S.C. § 30104. See *Concordia Co. v. Panek*, 115 F.3d 67 (1st Cir. 1997); see also *Luera v. M/V Alberta*, 635 F.3d 181 (5th Cir. 2011).

Dated: April 7, 2020 /s/ Dov Sacks
Dov Sacks, Esq.
dsacks@bermansimmons.com
Benjamin R. Gideon, Esq.
bgideon@bermansimmons.com
Berman & Simmons, P.A.
P.O. Box 961
Lewiston, ME 04243-0961
(207) 784-3576
Attorneys for Plaintiff